**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:14-cr-149** |
| | ) | **Civil Action No. 1:16-cv-790** |
| **ERIC LEE STRAUSS** | ) | |

## MEMORANDUM OPINION

Defendant, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255, to vacate,

set aside, or correct the sentence imposed on him two years ago on the ground that the Supreme

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to resentencing

on his conviction for violating 18 U.S.C. § 922(g), which makes it unlawful for a felon to

possess a firearm. At issue is whether *Johnson* operates to entitle defendant to resentencing.

Because the matter has been fully briefed and the facts and law are fully set forth in the existing

record, neither oral argument nor an evidentiary hearing would aid the decisional process.[1] As

the matter has been fully briefed, it is now ripe for disposition.

### I.

On May 9, 2014, defendant pled guilty to a single count of violating 18 U.S.C. §

922(g)(1), which was charged against him in a criminal information and arose from defendant's

possession of a 12-gauge shotgun—which had a barrel shorter than 18 inches—after defendant

had previously been convicted of felony distribution of a controlled substance (Docs. 15-16). In

pleading guilty to being a felon in possession of a firearm, defendant stipulated to having

---

[1] Importantly, 28 U.S.C. § 2255 provides that a hearing is not necessary when "the motion and the files of the case conclusively show that the prisoner is entitled to no relief." Here, a hearing is not necessary because the record conclusively compels the conclusion that defendant's § 2255 motion fails on the merits.

"multiple felony convictions," but enumerated only one: a conviction for distributing a controlled substance in violation of Virginia Code § 18.2-248 (Doc. 16).[2] The Presentence Investigation Report ("PSIR") prepared in this case further reflected that the stipulated predicate conviction for defendant's § 922(g) plea was defendant's controlled substance offense (Doc. 18). On July 25, 2014, defendant received a sentence of 90 months' imprisonment with an additional 3 years of supervised release (Doc. 25). Defendant's proper sentence was adjudged, in part, by reference to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(3).

Pursuant to § 922(g)(1), it is unlawful for a person who "has been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm[.]" 18 U.S.C. § 922(g)(1). Pursuant to U.S.S.G. § 2K2.1(a)(3), a defendant's base offense level is to be increased if the (i) instant offense involves, *inter alia*, a shotgun with a barrel less than 18 inches,[3] and (ii) the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(3).

On June 26, 2015, less than a year after defendant's sentence was imposed, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), addressing the definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, the Supreme Court in *Johnson* held that the ACCA residual clause—the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. §

---

[2] Defendant was sentenced to ten years' incarceration, with eight years and six months suspended, in connection with his controlled substance conviction.

[3] Specifically, the Guideline applies if "the offense involved a ... firearm that is described in 26 U.S.C. [§] 5845(a)[.]" U.S.S.G. § 2K2.1(a)(3). Section 5845(a), in turn, identifies "a shotgun having a barrel or barrels of less than 18 inches in length" as a "firearm." 26 U.S.C. § 5845(a).

924(e)(2)(B)(ii)—is unconstitutionally vague, and therefore that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563. Thereafter, on April 18, 2016, the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On June 24, 2016, shortly after the Supreme Court's decision in *Welch*, defendant filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed on him for his conviction pursuant to § 922(g) on the ground that the Supreme Court's decision in *Johnson* operates to entitle defendant to resentencing (Doc. 31). Specifically, defendant contends that the residual clause of U.S.S.G. § 2K2.1—which calls for a base offense level enhancement if the offender had previously been convicted of a felony "crime of violence"—is indistinguishable from the ACCA residual clause.[4] Accordingly, in defendant's view, the residual clause of U.S.S.G § 2K2.1 is unconstitutionally vague pursuant to the rationale of *Johnson*.

On July 14, 2016, the government filed a response, contending (i) that defendant's motion is untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f); and (ii) that in the context of defendant's motion, *Johnson* is inapposite, as defendant's base offense level enhancement was not based on § 2K2.1's residual clause (Doc. 35).

## II.

Assuming, without deciding, that defendant's *Johnson* claim is timely pursuant to

---

[4] Section 2K2.1 uses the same definition of "crime of violence" as that provided in § 4B1.2(a)(2), which was recently amended after the Supreme Court's decision in *Johnson*. Before that amendment took effect, § 4B1.2(a)(2) used language identical to the ACCA residual clause at issue in *Johnson*. Importantly, the Supreme Court has granted a petition for writ of certiorari on the question whether a defendant who was sentenced under § 4B1.2(a)(2)'s residual clause may challenge his sentence as unconstitutionally vague. *See Beckles v. United States*, --- S. Ct. – -, No. 15-8544, 2016 WL 1029080 (June 27, 2016).

§ 2255(f), his § 2255 motion nonetheless fails because the residual clause of U.S.S.G. § 2K2.1 was irrelevant to defendant's base offense level enhancement; defendant's base offense level was increased because defendant had previously been convicted of a controlled substance offense punishable by more than one year of imprisonment, not because defendant had previously been convicted of a "crime of violence." Specifically, the predicate conviction—as stipulated by the parties, as mentioned in the PSIR, and as accepted by the Court—for defendant's base offense level enhancement pursuant to § 2K2.1 was defendant's conviction for distribution of a controlled substance in violation of Virginia Code § 18.2-248.

Regardless whether the Supreme Court holds that *Johnson* applies to the residual clause in § 4B1.2(a)—and, by extension, to the residual clause in § 2K2.1—nothing in *Johnson* implicates § 2K2.1's "controlled substance offense" enhancement. As the Fourth Circuit has observed, a defendant who is "deemed a career offender based on prior convictions for controlled substance offenses" cannot even make out a prima facie case for authorization to file a successive § 2255 petition, for controlled substance offenses "are not called into question by *Johnson*." *In re Jason L. McCright*, No. 17-9905 (4:09-cr-00022) (4th Cir. July 12, 2016) (Doc. 7). Put simply, *Johnson* does not affect defendant's sentence in any respect.

In summary, even assuming defendant's § 2255 motion is not time-barred, the residual clause of 2K2.1 is inapposite in the context of this case, as defendant's base offense level was increased pursuant to the "controlled substance offense" enhancement.

4

## III.

Accordingly, defendant's § 2255 motion must be denied because defendant's sentence enhancement does not depend on the residual clause of U.S.S.G. § 2K2.1.

An appropriate Order will issue.


Alexandria, Virginia
September 12, 2016

/s/

T. S. Ellis, III
United States District Judge